IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GUY DEAN NEVADA, SR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. CV-08-346-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1), a Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 (Docket No. 3), Supplement to § 2241 Petition (Docket No. 5), and Motion for Legal Documents (Docket No. 6) filed by Petitioner Guy Dean Nevada, Sr. ("Nevada"). The Court has initially reviewed the Petition to determine whether it is subject to summary dismissal. After carefully considering the Petition as supplemented as well as the record, the Court finds, for the reasons contained in this Order, that the Petition shall be dismissed.

**Memorandum Decision and Order - 1**

## BACKGROUND

Nevada is currently serving consecutive sentences imposed by this Court in two separate cases.

In Case No. CR-98-75-E-BLW, Nevada pled guilty to one count of assault resulting in serious bodily injury and two counts of assault with a dangerous weapon in return for the Government's dismissal of one count of assault with intent to commit murder[1] and one count of assault resulting in serious bodily injury. The charges arose from an incident in which Nevada threatened his mother and one sister with a knife and repeatedly stabbed another sister while under the influence of paint inhalants. 1998 *PSR*, ¶¶ 7-9. He was released from custody and commenced his term of supervised release on January 23, 2004, following completion of his 78-month sentence.

In Case No. CR-04-148-E-BLW, Nevada was convicted following a jury trial of one count of assault with a dangerous weapon arising out of an incident in which he rammed the patrol car of a Fort Hall tribal officer. He was acquitted of a second count of assault with a dangerous weapon arising out of a related incident in which he collided with the patrol car of another tribal officer. The incidents occurred while the tribal officers were pursuing Nevada after responding to a call

---

[1] Nevada refers to this charge throughout his filings as "attempted murder."

**Memorandum Decision and Order - 2**

from his mother to remove him from her residence because he was sniffing paint. 2004 *PSR*, ¶¶ 5-6. An Idaho State Police officer investigated the incidents at the request of the tribal officers and determined that Nevada, who had spray paint on his hands, face, and shirt, was under the influence of an intoxicating substance at the time. 2004 *PSR*, ¶¶ 6-7.

On September 16, 2005, the Court revoked Nevada's supervised release and imposed a sentence of 24 months on the supervised release revocation in Case No. CR-98-75-E-BLW, and imposed a sentence of 109 months on the new offense in Case No. CR-04-148-E-BLW, both terms to run consecutively. Nevada did not appeal his conviction or sentence in either case. However, on November 27, 2006, he filed an untimely § 2255 motion challenging his sentence by alleging several constitutional violations centered around his claim that his supervising Probation Officer had stated that he had been convicted of attempted murder rather than stating that the attempted murder charge had been dismissed pursuant to a plea agreement. It was unclear whether he was referring to statements made in the Presentence Report, to the Idaho State Police officer, or to others.

Nevada did not specify a case number when filing the § 2255 motion. Because sentencing in both cases occurred the same day and the allegations appeared to relate to both cases, the Court treated the § 2255 motion as having

**Memorandum Decision and Order - 3**

been filed in connection with both the revocation proceeding and the new offense.

The Court dismissed the § 2255 motion because the Presentence Report and the tape of the sentencing hearing made it abundantly clear that Nevada had not been convicted of attempted murder and the attempted murder charge was not considered in sentencing. Furthermore, at the hearing, the Court listened to and responded to Nevada's concerns about the alleged misinformation provided to the Idaho State Police officer. The Court essentially advised him that it was irrelevant to his conviction or sentence given the subtle distinction between assault with intent to commit murder and assault resulting in serious bodily injury.[2] Nevada did not request a certificate of appealability or file a notice of appeal following the dismissal.

On August 20, 2008, Nevada filed the pending § 2241 petition alleging that he is being held involuntarily at FCI Englewood, Colorado, based on an illegal sentence. He again raises the attempted murder issue and adds claims of improper vouching by the Government of the supervising Probation Officer's statements and

---

[2] In response to the Court's inquiry, the Probation Officer attending the hearing advised the Court that the National Crime Information Center printout (otherwise known as the NCIC rap sheet) in the Probation Officer's file and to which the Idaho State Police officer would have likewise had access properly listed the offenses for which he had been charged and the offenses of which he had been convicted.

**Memorandum Decision and Order - 4**

upward departure based on "questionable facts."[3] The upward departure claim appears to pertain to his sentencing in Case No. CR-04-148-E-BLW.

Nevada recently supplemented his § 2241 petition with claims pertaining to the original sentencing in Case No. CR-98-75-E-BLW. More specifically, he challenges the upward departure from criminal history category II to criminal history category IV. Nevada alleges that the departure was based on a firearms or weapons charge for which he had not been convicted in tribal court.

## DISCUSSION

### A.     Standard of Law

In general, a motion filed pursuant to 28 U.S.C. § 2255 provides the exclusive mechanism by which a federal prisoner may attack the underlying legality of his detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir. 2000)). A § 2255 motion must be filed in the district court in which the sentencing was held. *Id.* at 956

---

[3] The 2004 Presentence Report had identified the possibility of an upward departure based on inadequate criminal history given the number of tribal convictions and similarity of offenses. The Court found that an upward departure was warranted and increased the criminal history category from III to V. *Minutes of Sentencing Hearing* (Docket No. 45 in Case No. CR-04-148-E-BLW. The Court had made a similar finding in the earlier assault case increasing the criminal history category from II to IV. *Minutes of Sentencing Hearing* (Docket No. 15 in Case No. CR-98-75-E-BLW).

**Memorandum Decision and Order - 5**

(citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)).  Once a prisoner has unsuccessfully challenged the legality of his detention in a § 2255 proceeding, he cannot file a second or successive § 2255 motion unless he first obtains the authorization of the court of appeals.  *See* 28 U.S.C. § 2255(h).  The court of appeals may grant such authorization only if it determines that the motion makes a prima facie showing that it involves either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (incorporating 28 U.S.C. § 2244).

Conversely, a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is limited to challenging the manner, location, or condition under which a sentence is executed and is to be filed in the custodial court.  *Harrison*, 519 F.3d at 956 (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999)).  However, a so-called "escape hatch" or "savings clause" contained within § 2255 provides that a prisoner may proceed under § 2241 to challenge the legality of his detention if the remedy under § 2255 is "inadequate or ineffective" for doing so.  *See*

**Memorandum Decision and Order - 6**

§ 2255(e); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("escape hatch"); *Hernandez v. Campbell*, 204 F.3d 861, 864, n.2 (9th Cir. 2000) ("savings clause").

The Ninth Circuit and other circuits have held that the escape hatch is only available when a prisoner "(1) makes a claim of actual innocence,[4] and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898 (citing *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) and cases from several other circuits). In determining whether a prisoner had an unobstructed procedural shot, the court should consider (1) whether the legal basis for his claim arose after he had exhausted his direct appeal and first § 2255 motion, and (2) whether the law changed pertaining to his claim after that first § 2255 motion. *Harrison*, 519 F.3d 960 (citing *Ivy*, 328 F.3d at 1060-61).

If a prisoner cannot demonstrate both actual innocence and lack of an unobstructed procedural shot at asserting his claim, then the remedy under § 2255 is adequate and he cannot proceed under § 2241. *Stephens*, 464 F.3d at 898-99. The prisoner will instead be subject to the restrictions placed upon the filing of a

---

[4] An actual innocence claim in this context is evaluated under the standard enunciated in *Bousley v. United States*, 523 U.S. 614 (1998), which held that to prevail on an actual innocence claim, the "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley*, 523 U.S. at 623).

**Memorandum Decision and Order - 7**

second or successive § 2255 motion.  *See Harrison*, 519 F.3d at 961-62; *Hernandez,* 204 F.3d at 866.  Those restrictions are not sufficient to trigger the savings clause.  *Stephens*, 464 F.3d at 897-98.

**B.     Analysis**

      **1.     Original § 2241 Petition**

Nevada is obviously challenging the legality of his sentence rather than the manner, location, or conditions under which his sentence is being executed.  He is perhaps doing so in a § 2241 petition recognizing that his claims could not be brought in a new § 2255 motion given that they pertain to neither newly discovered evidence nor a new rule of constitutional law.  Nevertheless, his claims are not cognizable in a § 2241 proceeding unless he qualifies for the escape hatch of § 2255.

Nevada does not allege any facts suggesting that he is factually innocent of the crimes of which he was convicted.  Rather, he simply alleges variations of the same claims he raised in his prior § 2255 motion and questions the upward departure.  In addition, given that the alleged legal basis of his claims arose before his first § 2255 motion and the law has not changed since the Court dismissed that motion, Nevada has had an unobstructed procedural shot at raising his claims.  Accordingly, Nevada's claims do not meet the requirements for invoking the

**Memorandum Decision and Order - 8**

§ 2255 escape hatch.

Because the Court concludes that Nevada cannot proceed under § 2241, his § 2241 petition will be construed as a § 2255 motion. *See Harrison*, 519 F.3d at 961-62. This Court, as the sentencing court, is the proper court to consider his § 2255 motion. However, this Court has no jurisdiction to consider a second or successive § 2255 motion without authorization from the Ninth Circuit Court of Appeals. *See Hernandez*, 204 F.3d at 866.

### 2. Supplement to § 2241 Petition

The Supplement addresses the March 1, 1999 sentencing on the 1998 charge as opposed to the sentencing following revocation of supervised release in that case. The challenge to the upward departure raised in the Supplement clearly is a challenge to the legality of his sentence rather than the execution of his sentence. As with the claims discussed above, this claim does not qualify for the escape hatch. Accordingly, the claim will be construed as having been made in a § 2255 motion.

A review of the record indicates that although Nevada appealed the original sentence, he did not subsequently file a § 2255 motion. Accordingly, the ban on second or successive § 2255 motions does not apply. Nevertheless, this § 2255 motion is subject to dismissal.

**Memorandum Decision and Order - 9**

As relevant here, § 2255 motions must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In a case, such as the present one, where an appeal from the federal conviction was pursued in the Ninth Circuit but no petition for *certiorari* was pursued in the United States Supreme Court, the conviction becomes final, and the one-year period within which to file a motion under § 2255 begins to run, ninety days after the Ninth Circuit's judgment is entered. *See United States v. Garcia*, 210 F.3d 1058 (9th Cir. 2000). Here, the Ninth Circuit's judgment was entered on February 3, 2000. *See* Docket No. 21. Therefore, Nevada's conviction became final ninety days later on May 4, 2000 and the deadline for filing a § 2255 motion became May 4, 2001.

Although the Court may raise a statute of limitations issue *sua sponte*, it may not dismiss the proceeding on those grounds without first giving Nevada notice that his motion is subject to dismissal as untimely and an opportunity to respond as required by *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Here, however, because Nevada's claim is so clearly lacking in merit, it would be a waste of judicial resources to allow Nevada an opportunity to respond.

Nevada contends that the Court erred in upwardly departing based on a tribal court firearms charge that had been dismissed. The Court presumes he is referring

**Memorandum Decision and Order - 10**

to a charge of injury to public peace which alleged that Nevada fired a .30-30 rifle in the direction of his mother's home for which he was arrested on December 17, 1994. *See* 1998 *PSR*, ¶ 82.[5] Nevada argues that this charge should not have counted toward an upward departure because he had not been proven guilty.

The Court notes that Nevada unsuccessfully challenged the Court's decision to depart upward under § 4A1.3 based on the inadequacy of Nevada's criminal history and the extent of that departure.[6] *See United States v. Nevada*, No. 99-30088 (9th Cir. Feb. 3, 2000) (Docket No. 21-2). The Ninth Circuit affirmed the departure noting the "many serious criminal incidents in his past that were not included in the calculation of his criminal history category." *Id.* at *2. It also found that the past offenses "demonstrate a continuing dangerous, violent and abusive pattern of conduct well beyond what would be expected with a defendant with a criminal history category of II." *Id*. at *3. To the extent that the Ninth Circuit's decision implicitly approved consideration of the dismissed firearm

---

[5] The only other charge that appears to have involved use of a firearm appears to have resulted in a conviction in the tribal court. *See* 1998 *PSR*, ¶ 66.

[6] The Court upwardly departed based on the two grounds set forth in the 1998 Presentence Report; namely, under USSG § 4A1.2(i) (1998) based on ten uncounted tribal court convictions, and under USSG § 4A1.3(e) (1998) based on "prior similar adult criminal conduct *not resulting in a criminal conviction*." (emphasis added.) *See* 1998 *PSR*, ¶¶ 130-131.

**Memorandum Decision and Order - 11**

charge, Nevada is barred from raising the issue in a § 2255 motion. *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) (holding that a matter decided adversely on appeal cannot be litigated again in a § 2255 motion). To the extent that it did not, Nevada is procedurally barred from raising the issue because he failed to raise that specific issue on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). Such a default may be excused where a defendant can demonstrate either cause and actual prejudice or that he is actually innocent. *Id.* at 622. However, Nevada has not alleged actual innocence and he cannot demonstrate actual prejudice given that USSG 4A1.3(e) (1998) specifically allows for consideration of criminal conduct for which a defendant has not been convicted. Furthermore, removing that one incident from consideration would not have changed the Court's decision given the numerous other incidents indicative of the likelihood that Nevada would reoffend.

Nevada also asserts that the departure was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005), which prohibited judicial factfinding to increase a sentence and rendered the United States Sentencing Guidelines advisory. However, Nevada's conviction was final almost five years before *Booker* was decided. *Booker* does not apply retroactively to cases involving convictions that were final before *Booker* was published. *Carrington v. United* States, 503 F.3d

**Memorandum Decision and Order - 12**

888, 890 (9th Cir. 2007) (citing *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005)).

Based on the above, Nevada's Supplement to his § 2241 Petition, construed as a § 2255 motion, is subject to dismissal.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Guy Dean Nevada, Sr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1), together with the Supplement thereto (Docket No. 5), is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Nevada's Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 (Docket No. 3) is MOOT and Motion for Legal Documents (Docket No. 6) are MOOT given the dismissal of his § 2241 Petition.



DATED: **September 25, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 13**